**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DISTRICT**

| | | |
|---|---|---|
| DIANE BOTTINO, Individually, and | * | |
| as the Personal Representative of the | * | |
| Estate of Richard E. Hall | * | |
| *Plaintiffs* | * | Civil Action No. 1-24-cv-00627-ABA |
| | * | |
| v. | * | |
| HOWARD COUNTY, MD., et al., | * | |
| *Defendants.* | * | |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW, the Defendants, Howard County, Maryland, Director Jama Acuff (Frmr.), Officer Andrea King-Wessels, Officer Rory Wise, Officer Elizabeth Jenkins, Officer Briana Tubaya, Officer Oneil Patterson, Officer Jeffrey Penn, Officer Kimberly Wilson, and Officer Gregory Wright, by and through their Counsel, Gary Kuc, County Attorney, Elizabeth Adams, Senior County Solicitor, and Hyunjae Shin, Senior County Solicitor, and in answer to the Complaint filed herein state as follows.[1]

---

[1] Defendant Margaret Chippendale has filed a Motion to Dismiss, concurrent with the filing of this Answer. The County is also moving to dismiss Counts III, IV, V, and VI on the basis of governmental immunity. All defendants are moving to dismiss Count II.

## I.    GENERAL DENIAL

The Defendants deny the allegations of liability in the complaint and that this Court has jurisdiction to entertain it.

## II.    RESPONSE TO SPECIFIC AVERMENTS OF FACT/STATEMENT OF THE CASE.

Defendants respond as follows to the specific allegations contained in the enumerated paragraphs of the Plaintiffs' Complaint; anything not specifically admitted is herein denied.

1. Defendants admit that this suit has been brought by Dianne Bottino and the Decedent was a pretrial detainee within the Howard County Detention Center; Defendants deny the balance of the allegations contained in paragraph 1.

2. Defendants admit that the Decedent was a pretrial detainee at HCDC. Defendants also admit that Decedent was suffering from some manner of mental health issue; Defendants deny the balance of the allegations contained in paragraph 2.

3. Defendants deny the allegations contained in paragraph 3.

4. Paragraph 4 is a jurisdictional statement which neither requires an admission or a denial. To the extent that a response is required, Defendants admit that this Court has jurisdiction over the instant matter.

5. Paragraph 5 is a venue statement which neither requires an admission or a denial. To the extent that a response is required, Defendants admit that this Court is a proper venue for this instant matter.

---

However, one or more counts allege more than one basis for relief, as such all Defendants file this instant Answer.

6. Paragraph 6 is a jurisdictional statement which neither requires an admission or a denial.  To the extent that a response is required, Defendants admit that it received a timely Notice of Claim in this matter.

7. Defendants have insufficient information to admit or deny the allegations contained in paragraph 7, and therefore deny the same.

8. Defendants admit that Howard County, Maryland is a body corporate and politic, has all rights and powers of local self-government, and has the authority to sue and be sued.  Defendants admit that Howard County, Maryland has as a department named "Corrections" and that department has formal, written policies and procedures.  Defendants deny the balance of allegations contained in paragraph 8.

9. Defendants admit that the current Director of Corrections is Margaret Chippendale and is an adult in the employ of Howard County, Maryland.  The Defendants deny the balance of the allegations contained in paragraph 9.

10. Defendants admit that Jama Acuff is an adult and was employed by Howard County, Maryland as the Director of Corrections; Defendants deny the balance of the allegations contained in paragraph 10.

11. Defendants admit that Andrea King-Wessels is an adult and was employed by Howard County, Maryland;  Defendants deny the balance of the allegations contained in paragraph 11.

12. Defendants admit that Rory Wise is an adult and is employed by Howard County, Maryland, as the Custody & Security Chief for Corrections;  Defendants deny the balance of the allegations contained in paragraph 12.

13. Defendants admit that Elizabeth Jenkins is an adult and is employed by Howard County, Maryland as a Correctional Captain;  Defendants deny the balance of the allegations contained in paragraph 13.

14. Defendants admit that Briana Tubaya is an adult and was employed by Howard County, Maryland as a Correctional Officer;  Defendants deny the balance of the allegations contained in paragraph 14.

15. Defendants admit that Oneil Patterson is an adult and is employed by Howard County, Maryland as a Correctional Corporal;  Defendants deny the balance of the allegations contained in paragraph 15.

16. Defendants admit that Jeffrey Penn is an adult and is employed by Howard County, Maryland as a Correctional Corporal;  Defendants deny the balance of the allegations contained in paragraph 16.

17. Defendants admit that Kim Wilson is an adult and is employed by Howard County, Maryland as a Correctional Captain; Defendants deny the balance of the allegations contained in paragraph 17.

18. Defendants admit that Gregory Wright is an adult and is employed by Howard County, Maryland as a Correctional Officer;  Defendants deny the balance of the allegations contained in paragraph 18.

19. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 19, and therefore deny the same.

20. Paragraph number 20 contains no factual allegations, but to the extent it, and the Plaintiffs attempt to bring suit against "unidentified officers", Defendants note that

such pleading is impermissible; to the extent that a response is required, Defendants deny the allegations contained in paragraph 20.

21. Defendants deny the allegations contained in paragraph 21.

22. Defendants have insufficient information to admit or deny the allegations contained in paragraph 22, and therefore deny the same.

23. Defendants admit that they received a call for service at Triple Nine Billiards Bar on May 7, 2021 to remove a disruptive person. Upon information and belief, the caller may have referred to Decedent as a " 'crazy guy at the back door [who] was causing problems.' " Defendants deny the balance of the allegations contained in paragraph 23.

24. Defendants admit that they received a call for service at Triple Nine Billiards Bar on May 7, 2021 to remove a disruptive person. Upon information and belief, the caller may have referred to Decedent as " 'banging on the door' and 'being crazy, screaming in people's faces and everything else'"; " 'crazy,' not drunk." Defendants deny the balance of the allegations contained in paragraph 24.

25. Defendants admit that Officers Delph and Officer Fiege responded to a call for service at Triple Nine Billiards Bar on May 7, 2021 and observed Decedent acting in a disorderly manner and placed him under arrest. Defendants are without sufficient information to admit or deny the balance of the allegations contained in paragraph 25, and therefore deny the same.

26. Upon information and belief, the allegations contained in paragraph 26 are correct.

27. Upon information and belief, Decedent was acting in an erratic manner, however, the individual defendants are without sufficient information to admit or deny the same, and therefore deny the allegations contained in paragraph 27.

28. Upon information and belief, Decedent Officers Delph and Fiege did arrest Decedent and transport him to the detention center; the balance of the allegations contained in paragraph 28 are denied.

29. Upon information and belief, Decedent was charged with violations of the criminal code, his booking sheet did indicate "Mental Health Alert" and "Intoxicated"; Defendants have insufficient information to admit or deny the allegation related to his bond status; the balance of the allegations are denied.

30. Defendants admit that Decedent was placed in a cell and was provided regular welfare checks; Defendants deny the balance of the allegations contained in paragraph 30.

31. Upon information and belief, the allegations contained in paragraph 31 are accurate and Defendants therefore admit the same.

32. Defendants admit that Decedent was held pending a bail review by a District Court Judge to be held on or about May 10, 2021; Defendants deny the balance of the allegations contained in paragraph 32.

33. Defendants are without sufficient information to admit or deny the allegation contained in paragraph 33, and therefore deny the same.

34. Defendants admit the allegations contained in paragraph 34.

35. Defendants admit Decedent was afforded a virtual bail review by District Court Judge Reese, and the Court Ordered a Competency Hearing for May 21, 2021. Defendants are without sufficient information to admit or deny the allegations regarding the specific statements contained in the Court's Order, and therefore deny the same. Defendants deny the balance of the allegations contained in paragraph 35.

36. Defendants are without sufficient information to admit or deny the balance of the allegations contained in paragraph 36, and therefore deny the same.

37. Defendants admit that Decedent's sister spoke with HCDC personnel, but Defendants are without sufficient information to admit or deny the balance of the allegations contained in paragraph 37.

38. Defendants admit that Decedent's sister spoke with HCDC personnel, but Defendants are without sufficient information to admit or deny the balance of the allegations contained in paragraph 38.

39. Defendants admit that they attempted to provide medical care to Decedent and that he was uncooperative. Upon information and belief, Ruth Hinkley is an RN employed by a third-party vendor. Defendants deny the balance of the allegations contained in paragraph 39.

40. Upon information and belief, Defendants admit that on May 13, 2021, at almost 4:00 PM, Erika Drayton, LCSWC noted that she checked on Mr. Hall cell side in the CBF. Drayton noted that Mr. Hall was "lying naked on a blanket in front of his cell door. [Hall] was talking loudly to himself. [Drayton] approached his cell door

and he was sitting on the bed naked picking something off of the blanket.  When asked how he was, [Hall] replied that he was doing well and resumed talking to himself.  [Hall] does not appear to be a danger to himself.  Officer Patterson reported that [Hall] accepted his offer to shower today."

41. Defendants are without sufficient information to admit or deny the same, and therefore deny the allegations contained in paragraph 41.

42. Upon information and belief, Defendants admit the allegations contained in paragraph 42.

43. Defendants admit that an individual identifying himself as Dr. Joshi contacted HCDC and relayed that Hall had been receiving medical care for 20 years and that Hall had been seen by Dr. Joshi every 3 months for treatment of Anxiety and Depression, last appointment from February 2021.  Upon information and belief, this person  reported that Hall was prescribed Zoloft, Wellbutrin and Seroquel.  Defendants are without sufficient information to admit or deny the balance of the remaining allegations contained in paragraph 43 and therefore deny the same.

44. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 44 and therefore deny the same.

45. Defendants admit the Decedent was not eating normally, but Defendants are without sufficient information to admit or deny the balance of the allegations contained in paragraph 45, and therefore deny the same.

46. Upon information and belief, Nurse Hoopengardner, RN, did attempt to provide Decedent with medical care, but he refused treatment.  Hoopengardner did note,

"patient refusing most food and liquids, consuming very little nutrition." Defendants are without sufficient information to admit or deny the balance of the allegations contained in paragraph 46, and therefore deny the same.

47. Defendants admit that Decedent had refused to eat normally.  Defendants are without sufficient information to admit or deny the balance of the allegations contained in paragraph 47, and therefore deny the same.

48. Defendants admit that Decedent presented with an injured left ankle and was prescribed ibuprofen.  Defendants admit that Dr. Wilson did attempt to conduct a medical review of Decedent on or about May 19, 2021.  Defendants are without sufficient information to admit or deny the balance of the allegations contained in paragraph 48, and therefore deny the same.

49. Upon information and belief, Dr. Wilson did observe an injury to Decedent's left ankle, that was sustained by Decedent kicking the cell wall on one or more occasions; Defendants admit Decedent was uncooperative and behaving in an erratic manner.  Defendants are without sufficient information to admit or deny the balance of the allegations contained in paragraph 49, and therefore deny the same.

50. Upon information and belief on or about May 20, 2021, Decedent did ask to be removed from his cell to sit in the hallway and indicated that he is not feeling comfortable.  Defendants admit that he was directed to take one or more medications.  Defendants are without sufficient information to admit or deny the balance of the allegations contained in paragraph 50.

51. Upon information and belief Officer Jenkins did briefly speak with Decedent. When Officer Jenkins asked Hall how he was doing, Hall replied, "not so good." Defendants deny the balance of the allegations contained in paragraph 51.

52. Upon information and belief, Defendants admit the allegations contained in paragraph 52.

53. Upon information and belief, Defendants admit the allegations contained in paragraph 53.

54. Upon information and belief, Defendants admit officers with HCDC were interviewed by Detective Ramsdell and Detective Woctcho of the Howard County Police Department. Defendants are without sufficient information to admit or deny the balance of the allegations contained in paragraph 54, and therefore deny the same.

55. Upon information and belief, there is video footage of Decedent's cell. Defendants are without sufficient information to admit or deny the balance of the allegations contained in paragraph 55, and therefore deny the same.

56. Upon information and belief, an autopsy was performed, but Defendants are without sufficient information to admit or deny the findings of the autopsy report, a document which speaks for itself, and Defendants therefore deny the balance of the allegations contained in paragraph 56.

57. Upon information and belief, an autopsy was performed, but Defendants are without sufficient information to admit or deny the findings of the autopsy report, a

document which speaks for itself, and Defendants therefore deny the balance of the allegations contained in paragraph 57.

58. Defendants admit that Defendants Wise, Jenkins, Tubaya, Patterson, Penn, Wilson, and Wright were employed by Howard County at the time of the event. Defendants are without sufficient information to admit or deny the balance of the allegations contained in paragraph 58.

59. Defendants admit that Defendant Wise was employed as a Security Chief at the detention center at the time of the event; Defendants deny the balance of the allegations contained in paragraph 59.

60. Defendants admit that Defendant Jenkins was employed as a Lieutenant at the detention center during the relevant time period. Defendants also admit that Defendant Jenkins was on duty in the CBF on the morning that Mr. Hall died. Defendant Jenkins entered the CBF at approximately 7:45 AM on the morning of May 20, 2021. When Officer Jenkins asked Hall how he was doing today, Hall replied, "not so good." Defendants deny the balance of the allegations contained in paragraph 60.

61. Defendants admit that Defendant Tubaya was employed as an Officer at the detention center during the relevant time period. Defendant Tubaya was on duty in the CBF on the morning that Mr. Hall died. At approximately 9:17 AM on May 20, 2021, Defendant Tubaya discovered Mr. Hall laying on the floor inert and seemingly unconscious. Defendant Tubaya opened the cell door and administered

the AED pads per the instructions while waiting for EMS and medical personnel to arrive. Defendants deny the balance of the allegations contained in paragraph 61.

62. Defendants admit that Defendant Penn was employed as a Corporal at the detention center during the relevant time period.  Defendant Penn was on duty in the CBF on the morning that Mr. Hall died.  When Defendant Tubaya discovered Mr. Hall, who was seemingly unconscious, Penn called medical emergency over the radio.  Penn administered CPR on Mr. Hall while waiting for EMS and medical personnel to arrive.  Defendants deny the balance of the allegations contained in paragraph 62.

63. Defendants admit that Defendant Wilson was employed as a Captain at the detention center during the relevant time period.  On the morning that Mr. Hall died, Defendant Wilson was Shift Leader in the CBF. Defendants deny the balance of the allegations contained in paragraph 63.

64. Defendants admit that Defendant Wright was employed as an Officer at the detention center during the relevant time period.  Defendant Wright was on duty in the CBF on the morning that Mr. Hall died.  Once Mr. Hall was found unresponsive, Defendant Wright called the Medical Department and Howard County Communications via telephone.  Defendant Wright also retrieved the AED machine, which was administered by Defendant Tubaya.  Defendants deny the balance of the allegations contained in paragraph 64.

65. Defendants deny the allegations contained in paragraph 65.

66. Defendants admit the content of the two emails quoted in paragraph 66.  Defendants deny the balance of the allegations contained in paragraph 66.

67. Defendants deny the allegations contained in paragraph 67.

68. Defendants deny the allegations contained in paragraph 68.

69. Defendants deny the allegations contained in paragraph 69.

70. Defendants admit that they owe a duty of care to inmates, but deny the balance of the allegations contained in paragraph 70.

71. Defendants deny the allegations contained in paragraph 71.

72. Defendants deny the allegations contained in paragraph 72.

73. Defendants deny the allegations contained in paragraph 73.

74. Paragraph 74 does not call for an admission or a denial, but to the extent one is required, Defendants deny the allegations contained in paragraph 74.

COUNT 1 – 42 U.S.C. §1983
CONDITIONS OF CONFINEMENT DENIAL OF ADEQUATE MEDICAL CARE
Fourth, Eighth & Fourteenth Amendments
ALL DEFENDANTS

75. Paragraph 75 adopts and incorporates allegations from previous paragraphs and requires no answer.

76. Defendants deny the allegations contained in paragraph 76.

77. Defendants admit that Decedent was a pretrial detainee at HCDC; Defendants deny the balance of the allegations contained in paragraph 77.

78. Defendants deny the allegations contained in paragraph 78.

79. Defendants deny the allegations contained in paragraph 79.

80. Defendants deny the allegations contained in paragraph 80.

81. Defendants deny the allegations contained in paragraph 81.

82. Defendants deny the allegations contained in paragraph 82.

83. Defendants deny the allegations contained in paragraph 83.

84. Defendants deny the allegations contained in paragraph 84.

85. Defendants deny the allegations contained in paragraph 85.

86. Defendants deny the allegations contained in paragraph 86.

COUNT 2 – MARYLAND DECLARATION OF RIGHTS
CONDITIONS OF CONFINEMENT DENIAL OF ADEQUATE MEDICAL CARE
Articles 16, 19, 24, 25, and 26
ALL DEFENDANTS

87. Paragraph 87 adopts and incorporates allegations from previous paragraphs and requires no answer.

88. Defendants deny the allegations contained in paragraph 88.

89. Defendants admit that Decedent was a pretrial detainee at HCDC; Defendants deny the balance of the allegations contained in paragraph 89.

90. Defendants deny the allegations contained in paragraph 90.

91. Defendants deny the allegations contained in paragraph 91.

92. Defendants deny the allegations contained in paragraph 92.

93. Defendants deny the allegations contained in paragraph 93.

94. Defendants deny the allegations contained in paragraph 94.

95. Defendants deny the allegations contained in paragraph 95.

96. Defendants deny the allegations contained in paragraph 96.

97. Defendants deny the allegations contained in paragraph 97.

98. Defendants deny the allegations contained in paragraph 98.

## COUNT 3 – NEGLIGENCE
## ALL DEFENDANTS

99. Paragraph 99 adopts and incorporates allegations from previous paragraphs and requires no answer.

100.    Defendants deny the allegations contained in paragraph 100.

101.    Defendants admit that Decedent was a pretrial detainee at HCDC; Defendants deny the balance of the allegations contained in paragraph 101.

102.    Defendants deny the allegations contained in paragraph 102.

103.    Defendants deny the allegations contained in paragraph 103.

104.    Defendants deny the allegations contained in paragraph 104.

105.    Defendants deny the allegations contained in paragraph 105.

106.    Defendants deny the allegations contained in paragraph 106.

107.    Defendants deny the allegations contained in paragraph 107.

108.    Defendants deny the allegations contained in paragraph 108.

109.    Defendants deny the allegations contained in paragraph 109.

## COUNT 4 – GROSS NEGLIGENCE
## ALL DEFENDANTS

110.    Paragraph 110 adopts and incorporates allegations from previous paragraphs and requires no answer.

111.    Defendants admit that Decedent was a pretrial detainee at HCDC; Defendants deny the balance of the allegations contained in paragraph 111.

112.    Defendants deny the allegations contained in paragraph 112.

113.    Defendants deny the allegations contained in paragraph 113.

114.      Defendants deny the allegations contained in paragraph 114.

115.      Defendants deny the allegations contained in paragraph 115.

116.      Defendants deny the allegations contained in paragraph 116.

117.      Defendants deny the allegations contained in paragraph 117.

118.      Defendants deny the allegations contained in paragraph 118.

119.      Defendants deny the allegations contained in paragraph 119.

120.      Defendants deny the allegations contained in paragraph 120.

121.      Defendants deny the allegations contained in paragraph 121.

## COUNT 5 – SURVIVORSHIP
## ALL DEFENDANTS

122.      Paragraph 122 adopts and incorporates allegations from previous paragraphs

and requires no answer.

123.      Defendants admit the allegations contained in paragraph number 123.

124.      Defendants admit that Decedent was a pretrial detainee at HCDC;

Defendants deny the balance of the allegations contained in paragraph 124.

125.      Defendants deny the allegations contained in paragraph 125.

126.      Defendants deny the allegations contained in paragraph 126.

127.      Defendants deny the allegations contained in paragraph 127.

128.      Defendants deny the allegations contained in paragraph 128.

129.      Defendants deny the allegations contained in paragraph 129.

130.      Defendants deny the allegations contained in paragraph 130.

131.     Defendants admit that upon information and belief, Plaintiff Bottino is the personal representative of Mr. Hall's estate.  Defendants deny the balance of the allegations contained in paragraph 131.

COUNT 6 – NEGLIGENT SUPERVISION
DEFENDANTS- COUNTY, CHIPPENDALE, ACUFF, KING-WESSELS, WISE, AND WILSON

132.     Paragraph 132 adopts and incorporates allegations from previous paragraphs and requires no answer.

133.     Defendants deny the allegations contained in paragraph 133.

134.     Defendants deny that Defendant Chippendale was an employee of Howard County during the times relevant to the allegations in the Complaint.  Defendants admit the remaining allegations contained in paragraph 134.

135.     Defendants deny the allegations contained in paragraph 135.

136.     Defendants deny the allegations contained in paragraph 136.

137.     Defendants deny the allegations contained in paragraph 137.

138.     Defendants deny the allegations contained in paragraph 138.

139.     Defendants deny the allegations contained in paragraph 139.

140.     Defendants deny the allegations contained in paragraph 140.

141.     Defendants deny the allegations contained in paragraph 141.

142.     Defendants deny the allegations contained in paragraph 142.

143.     Defendants deny the allegations contained in paragraph 143.

144.     Defendants deny the allegations contained in paragraph 144.

145.     Defendants deny the allegations contained in paragraph 145.

146.     Defendants deny the allegations contained in paragraph 146.

COUNT 7 –42 U.S.C. §1983
*MONELL* CLAIM
DEFENDANTS- COUNTY

147.     Paragraph 147 adopts and incorporates allegations from previous paragraphs

and requires no answer.

148.     Defendants deny the allegations contained in paragraph 148.

149.     Defendants deny the allegations contained in paragraph 149.

150.     Defendants deny the allegations contained in paragraph 150.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Pursuant to Maryland Rule 2-323(d), the Defendant enters a general denial of liability.

### SECOND DEFENSE

Pursuant to Maryland Rule 2-323(g), any losses or damages suffered by Decedent or any

other party were not caused by any acts or omissions of the Defendants.

### THIRD DEFENSE

Pursuant to Maryland Rule 2-232(g), the Defendants plead a defense based on assumption

of the risk.

### FOURTH DEFENSE

Pursuant to Maryland Rule 2-232(g), the Defendants plead a defense based on collateral

estoppel.

## FIFTH DEFENSE

Pursuant to Maryland Rule 2-232(g), the Defendants plead a defense based on the Plaintiff's contributory negligence.

## SIXTH DEFENSE

Pursuant to Maryland Rule 2-232(g), the Defendants plead a defense based on estoppel.

## SEVENTH DEFENSE

Pursuant to Maryland Rule 2-232(g), the Defendants plead a defense based on illegality.

## EIGHTH DEFENSE

Pursuant to Maryland Rule 2-232(g), the Defendants plead a defense based on laches.

## NINTH DEFENSE

Pursuant to Maryland Rule 2-232(g), the Defendants plead a defense based on payment.

## TENTH DEFENSE

Pursuant to Maryland Rule 2-232(g), the Defendants plead a defense based on release.

## ELEVENTH DEFENSE

Pursuant to Maryland Rule 2-232(g), the Defendants plead a defense based on res judicata.

## TWELFTH DEFENSE

Pursuant to Maryland Rule 2-232(g), the Defendants plead a defense based on the statute of limitations.

## THIRTEENTH DEFENSE

Pursuant to Maryland Rule 2-232(g), the Defendants plead a defense based on by waiver.

## FOURTEENTH DEFENSE

Pursuant to Maryland Rule 2-232(g), the Defendants plead a defense based on privilege.

FIFTEENTH DEFENSE

Pursuant to Maryland Rule 2-232(g), the Defendants plead a defense based on Governmental Immunity.

SIXTEENTH DEFENSE

Pursuant to Maryland Rule 2-232(g), the Defendants plead a defense based on Public Official Immunity.

SEVENTEENTH DEFENSE

This claim is barred in its entirety by Personnel Immunity as provided by Md. Code Ann, Cts. & Jud. Proc. §5-522.

EIGHTEENTH DEFENSE

Pursuant to Maryland Rule 2-323(g), Plaintiff's claim is barred and/or limited by the Local Government Tort Claims Act, Title 5, Courts and Judicial Proceedings Article of the Annotated Code of Maryland.

NINETEENTH DEFENSE

Pursuant to Maryland Rule 2-323(g), the Defendant cannot be vicariously liable for the actions of others.

TWENTIETH DEFENSE

Pursuant to Maryland Rule 2-323(g), Defendants plead a defense based on fraud.

TWENTY FIRST DEFENSE

Pursuant to Maryland Rule 2-323(g), Defendants neither owed nor breached any duty to Plaintiffs or any other party as alleged, including, but not limited to, pursuant to the public duty doctrine.

## TWENTY SECOND DEFENSE

Pursuant to Maryland Rule 2-322(b), the Defendant is immune from liability by virtue of its immunities as provided by statute and common law, including but not limited to Sovereign Immunity, Governmental Immunity, Qualified Immunity, Public Official Immunity, and any other statutory or common law immunities and limitations as provided by law.

## TWENTY THIRD DEFENSE

Pursuant to Maryland Rule 2-323(g), Defendant contests the alleged nature and extent of the Plaintiff's claimed injuries and damages, as well as their causal relationship to the subject incident.

## TWENTY FOURTH DEFENSE

Defendants possessed a reasonable articulable suspicion to detain Decedent.

## TWENTY FIFTH DEFENSE

Defendant responds as follows to the specific allegations contained in the enumerated paragraphs of the Plaintiff's Complaint; anything not specifically admitted is herein denied.

## TWENTY SIXTH DEFENSE

Defendants possessed probable cause to detain and/or arrest Decedent.

## TWENTY SEVENTH DEFENSE

The medical care provided was reasonable and in keeping with the standard of care.

## TWENTY EIGHTH DEFENSE

Defendants are entitled to Qualified Immunity.

TWENTY NINTH DEFENSE

Defendants are entitled to Public Official Immunity.

THIRTIETH DEFENSE

Defendants did not act with malicious intent.

THIRTY FIRST DEFENSE

Defendants did not act with deliberate indifference to the Decedent.

THIRTY SECOND DEFENSE

Howard County, Maryland enjoys governmental immunity for all claims grounded in negligence.

THIRTY THIRD DEFENSE

One or more of the Defendants were not in the County's employ during the event as alleged.

THIRTY FOURTH DEFENSE

Plaintiffs have not established a basis to support injunctive relief.

Respectfully Submitted,

**GARY W. KUC**
**COUNTY ATTORNEY**

Elizabeth L. Adams  /s/
Elizabeth L. Adams, #27565
Senior County Attorney
eladams@howardcountymd.gov

Hyunjae Shin /s/
Senior County Attorney #20119
hshin@howardcountymd.gov

**HOWARD COUNTY**
**OFFICE OF LAW**
3450 Court House Drive
2nd Floor
Ellicott City, Maryland 21043
410-313-2100

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 1st day of July 2024, I provided a copy of the

Defendants, Answer via ECF to: Carey Hansel, Esq., 2514 North Charles Street, Baltimore,

Maryland 21218.

Respectfully Submitted,

Elizabeth L. Adams  /s/
Elizabeth L. Adams, #27565
Senior County Attorney